IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PATRICK BROWNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-1540 |
| vs. ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner Of Social Security*, ) | |
| ) | |
| Defendant. | |

ORDER

AND NOW, this 18th day of November 2022, the Court has considered the parties' motions for summary judgment and will order judgment in Defendant's favor. The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1] Plaintiff has raised three challenges to the ALJ's non-disability determination. First, Plaintiff has challenged the ALJ's purported exclusion of asthma and hypertension from the finding of Plaintiff's severe, medically determinable impairments. Second, Plaintiff has challenged the ALJ's residual functional capacity ("RFC") finding, arguing that it is undermined by a subsequent disability determination and that the ALJ omitted appropriate limitations arising from Plaintiff's use of a breathing machine and post-stroke symptoms. Third, Plaintiff has challenged the ALJ's reliance on the vocational expert's ("VE") testimony concerning jobs that would be available to Plaintiff, arguing that such testimony was premised upon an incomplete representation of Plaintiff's limitations. As explained herein, the Court finds Plaintiff's arguments to be unpersuasive; therefore, the Court will affirm the non-disability determination.

The agency's final decision—which is the ALJ's decision in this matter because the Appeals Council denied Plaintiff's request for review (R. 1), 20 C.F.R. § 404.981—is reviewed to determine whether the decision is free of legal error(s) and supported by substantial evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Biestek*,

---

139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Though this standard is deferential to agency determinations of disability, it does not permit conclusory decisions. For reviewing courts to "properly exercise [their] responsibility under [Section] 405(g)," it is essential that the agency's final decision is "as comprehensive and analytical as feasible and, where appropriate, . . . include[s] a statement of subordinate factual foundations on which ultimate factual conclusions are based." *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979) (quoting *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974)). An ALJ assesses disability pursuant to a five-step sequential evaluation wherein he or she asks, "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v). To determine whether a claimant can return to past work (step four) or adjust to other work (step five), the ALJ must first formulate the claimant's RFC. 20 C.F.R. § 404.1545(a)(5). A claimant's RFC "is the most [he or she] can still do despite [his or her] limitations" arising from medically determinable impairments (severe and non-severe). *Id.* §§ 404.1545(a)(1)—(2). It must be "based on all of the relevant medical and other evidence" in the claimant's record. *Id.* § 404.1545(a)(3).

Plaintiff's first argument is that the ALJ erred in his identification of Plaintiff's severe, medically determinable impairments at step two. He has alleged that the ALJ should have found his asthma and hypertension to be severe impairments alongside the other impairments that the ALJ found to be severe: "[m]ultifocal strokes, lumbar disc herniation, **asthma**/COPD, and hypersomnia." (R. 14) (emphasis added). The dividing line between severe and non-severe impairments is whether "[a]n impairment or combination of impairments . . . significantly limit[s the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Examples of such "[b]asic work activities" are listed in Section 404.1522(b), and include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." This step-two inquiry is not meant to be a high bar; rather it is meant to be a "*de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits at step two." *Id.* However, the bar is not so low that a mere diagnosis will establish severity. *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 (3d Cir. 2007).

In this matter, the ALJ included asthma among Plaintiff's severe, medically determinable impairments but found his hypertension to be not severe. (R. 14—15). The Court detects neither error nor deficiency of evidence supporting that determination. The Court need not address Plaintiff's argument that asthma was erroneously excluded at step two because the ALJ's decision clearly demonstrates the opposite. (R. 14). To the extent Plaintiff has argued that the ALJ failed to accommodate Plaintiff's asthma-related limitations in the RFC, the Court will address that argument further into this Order. For hypertension, Plaintiff's argument is

unconvincing because he has not identified evidence that tends to prove his ability to do basic work activities was adversely affected by his hypertension. Plaintiff has pointed to evidence that his hypertension was described as "uncontrolled" and that he required changes to his medication to manage it. (Doc. No. 18, pgs. 1—3). However, this evidence pertains to the condition itself, not to whether Plaintiff's hypertension "limit[ed his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). Because Plaintiff has not identified any evidence the ALJ overlooked that would tend to prove severity as it related to restriction of basic work abilities, the Court is unpersuaded of error at step-two.

Plaintiff's next argument is that the ALJ's RFC finding—the precursor to the ALJ's step-four and step-five determinations—lacked adequate evidentiary support. His argument in this regard is premised upon a later determination of disability that went in his favor and the omission of further limitations from the RFC. A claimant's RFC represents his or her maximum remaining work ability and must account for all limitations from medically determinable impairments whether those impairments are severe or non-severe. 20 C.F.R. §§ 404.1545(a)(1)—(2). Of course, the RFC need not include every limitation alleged. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Only those limitations that have been "credibly established" by the evidence must be included in the RFC. *Id.* (emphasis deleted). In this matter, the ALJ found that Plaintiff's medically determinable impairments and evidence of associated limitations justified a sedentary RFC with limitations including "never operat[ing] foot controls with left foot;" only occasionally working "in weather, humidity and wetness, in dust, odors, fumes and pulmonary irritants, in extreme cold, and in extreme heat;" and no more than "simple, routine and repetitive tasks" and "simple work-related decisions." (R. 18).

Insofar as Plaintiff has argued that this RFC is undermined by the subsequent disability determination that went in his favor and has further argued that the subsequent decision warranted "far greater scrutiny" of Plaintiff's condition by the ALJ (Doc. No. 15, pg. 8), the Court rejects that argument. A favorable disability determination that concerns a different period than the period relevant to the underlying decision does not support a "request for a remand." *Lisnichy v. Comm'r of Soc. Sec.*, 599 Fed. Appx. 427, 430 n.2 (3d Cir. 2015) (citing *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir.2009)); *Cunningham v. Comm'r of Soc. Sec.*, 507 Fed. Appx. 111, 120 (3d Cir. 2012); *Jackson v. Astrue*, 402 Fed. Appx. 717, 718 (3d Cir. 2010). Therefore, the mere "existence of the subsequent decision" will not be found to undermine the agency's final decision in this matter. *Allen*, 561 F.3d at 653 (explaining that a subsequent decision would only lend itself to remand if that later decision "was supported by new and material evidence" that the claimant "had good cause for not raising in the prior proceeding").

The Court also rejects Plaintiff's argument that the RFC lacked adequate limitations for his use of a breathing machine and stroke residuals. Plaintiff's breathing-machine argument stems largely from the VE's testimony "that individuals that need to use a nebulizer type of piece of equipment occasionally, up to 33% of the time, would not be able to sustain full-time

3

competitive employment." (R. 56). Plaintiff has faulted the ALJ for his failure to discuss the necessity of a breathing-machine limitation in his RFC analysis. And he has argued that the VE's testimony proves this error was not harmless because the VE made it clear that breathing-machine use could be work prohibitive. However, Plaintiff has not pointed to evidence in the record of work-prohibitive breathing machine use, *i.e.*, use approaching 33% of the time or even 15% of the time, which the VE later indicated would be the maximum off-task-time tolerance for employers. (R. 58). He has purported to rely on his own testimony wherein he indicated that he used a "breathing machine" twice daily for "[a]bout five minutes." (R. 48). Later in the hearing, the ALJ sought to clarify the frequency of Plaintiff's use of a breathing machine, asking: "You say you need to access that machine a couple, three times per day. Is that what you said?" (R. 50). To which Plaintiff responded "Yeah, twice a day." (*Id.*). At that time Plaintiff indicated that the timing of his use of the breathing machine was "whenever I need it." (*Id.*). Objective medical evidence in Plaintiff's record appears to confirm use of a breathing machine—*e.g.*, R. 1002, 1017, 1020—but does not provide information about the time requirement associated with such use; therefore, the only evidence of duration is Plaintiff's testimony, and his testimony is that using the breathing machine took just ten minutes a day. Accordingly, the Court finds that the absence of a breathing-machine discussion from the ALJ's analysis was, at worst, a harmless error that did not "affect the outcome of the case." *Rutherford*, 399 F.3d at 553.

The Court likewise discerns no error in the ALJ's omission of an off-task-time limitation from the RFC for Plaintiff's stroke residuals. Plaintiff's argument in this regard is conclusory: "the ALJ does not adequately explain why Browne's post-stroke limitations do not give rise to off task time that would preclude employment," *i.e.*, off-task time of more than 15%. (Doc. No. 15, pg. 10). In his reply brief, Plaintiff has briefly elaborated that his physical post-stroke symptoms—mainly fatigue—would "clearly result in off-task time beyond employer tolerance." (Doc. No. 18, pg. 4). The Court, however, finds that this argument is merely a request for a substitution of this Court's judgment for the ALJ's judgment. The ALJ formulated a sedentary work RFC for Plaintiff based upon evidence that included: Plaintiff's testimony "that he is always tired and needs to take naps;" his claim that his "impairments cause extreme fatigue requiring frequent naps;" and records "show[ing] a problem with hypersomnia." (R. 19, 22). The ALJ explained that postural and environmental limitations in the RFC were attenuated to Plaintiff's "fatigue" and other conditions/symptoms. (R. 24). The ALJ having clearly considered the evidence of Plaintiff's stroke residuals, like fatigue, Plaintiff's argument is reduced to a request for this Court to consider for itself whether different limitations—*e.g.*, an off-task limitation—would have been more appropriate than the limitations the ALJ included in the RFC. Because this Court may not "substitute its conclusions for those of the fact-finder," the Court finds this argument to be uncompelling. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

For Plaintiff's final argument, he has argued that the ALJ elicited the VE's testimony with a hypothetical question that mirrored the incomplete RFC determination. As Plaintiff appears to have acknowledged (Doc. No. 15, pgs. 10—11), this argument concerning the

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

"hypothetical question[] posed to a vocational expert" can be "boil[ed] down to [an] attack[] on the RFC assessment itself." *Rutherford*, 399 F.3d at 554 n.8. Because the Court has found no error or insufficiency of evidence in the ALJ's RFC determination, this final argument also fails. For this and the foregoing reasons, the Court will affirm the underlying decision.